## Bruder v. Bruder.

*Husband and wife — Infancy—Divorce — Practice, C. P.—Amendments—
Act of June 11, 1879.*

1. A minor instituting a proceeding in divorce must sue through a guardian or next friend.

2. The Act of June 11, 1879, P. L. 126, empowering a married woman to institute suit against her husband without the intervention of a trustee or next friend, does not apply to a married woman who is a minor.

3. Leave granted to amend libel by adding the name of libellant's next friend.

Master's report in divorce. Leave to amend libel. C. P. Lehigh Co., April T., 1924, No. 46.

*Samuel J. Kistler*, for libellant.

RENO, P. J., June 14, 1926.—The libellant is nineteen years old. The master recommends a divorce, holding that the Act of June 11, 1879, P. L. 126, empowers a married woman to institute suit against her husband without the intervention of a trustee or next friend. But our master failed to discern that a married woman minor is under two disabilities, *i. e.*, infancy and coverture. The Act of 1879 removed the disability of coverture, but not that of infancy. A married minor must still sue through a guardian or next friend, and this is true even when she sues her husband for divorce. Instead of dismissing President Judge Brownson's convincing opinion in Coven *v.* Coven, 6 D. & C. 794, as "not a proper construction of the statute," the master should have followed that able jurist.

But this defect, unlike that one present in the Coven case, is not fatal. We think that proceedings in divorce are subject to many, if not all, of the amendment statutes, so that courts are obliged to allow all amendments which do not alter the cause of action or change the parties after the running of the statute of limitations. Accordingly, we shall give libellant an opportunity to amend her libel upon notice to the respondent.

Now, June 14, 1926, leave is granted to present a petition to amend libel by adding the name of libellant's next friend.

From Edwin L. Kohler, Allentown, Pa.